# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 22-16812

**Case Name** City and County of San Francisco, et al. v. BP PLC, et al.

**Counsel submitting this form** Theodore J. Boutrous, Jr.

**Represented party/parties** Chevron Corporation (filing on behalf of all appellants)

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs, the City and County of San Francisco and the People of the State of California, brought a nominally state-law claim for public nuisance against Defendants, oil-and-gas companies, alleging that Defendants' conduct has contributed to greenhouse gas emissions, which Plaintiffs allege have caused global climate change and rising sea levels that have injured and will injure Plaintiffs. Defendants removed the claims under (a) 28 U.S.C. § 1331 because the claims arise under federal common law; (b) 28 U.S.C. § 1442 because the claims relate to acts performed under the direction and supervision of federal officers; (c) 43 U.S.C. § 1349 because the actions arise out of or in connection with operations on the Outer Continental Shelf; (d) 28 U.S.C. § 1331 because Plaintiffs' claims are based on alleged injuries and conduct occurring on federal enclaves; and (e) 28 U.S.C. § 1331 because these actions raise embedded federal questions involving federal statutes, treaties and international agreements, and the United States Constitution. Plaintiffs moved to remand. The district court initially concluded that there existed removal jurisdiction based on Plaintiffs' claims being governed by federal common law, but the Ninth Circuit reversed and remanded for consideration of the other bases for removal. City of Oakland v. BP PLC, 969 F.3d 895, 907-08 (9th Cir. 2020). Plaintiffs filed a renewed motion to remand. On October 24, 2022, District Judge William Alsup of the United States District Court for the Northern District of California granted the renewed motion. Defendants filed their notices of appeal on November 21, 2022.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                 *Rev. 9/01/22*

*Briefly describe the result below and the main issues on appeal.*

The district court granted Plaintiffs' renewed motion to remand. The district court concluded that Defendants had failed to establish removal jurisdiction based on (a) federal-officer removal under 28 U.S.C. § 1442; (b) the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349; (c) 28 U.S.C. § 1331 because Plaintiffs' claims are based on alleged injuries and conduct occurring on federal enclaves; or (d) the Supreme Court's decision in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–14 (2005), which permits removal of cases raising embedded federal questions. The main issue on appeal is whether the district court erred in remanding the claims for lack of jurisdiction.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The district court stayed its remand order pending resolution of this appeal. There are no other proceedings related to this case pending before other tribunals.

**Signature** s/ Theodore J. Boutrous, Jr.   **Date** 12/2/2022
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**   *Rev. 9/01/22*